FILED

2022 Jun-07 AM 09:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

HOWARD ALLEN JEMISON, JR.,        )
                                  )
        Petitioner/Defendant,     )
                                  )
    vs.                           )        7:19-cv-08031-LSC
                                  )        (7:17-cr-00394-LSC-SGC-1)
UNITED STATES OF AMERICA,         )
                                  )
        Respondent.               )

## MEMORANDUM OF OPINION

### I.    Introduction

Pursuant to 28 U.S.C. § 2255, Howard Allen Jemison, Jr., ("Jemison" or "Petitioner"), has filed with the Clerk of this Court, a motion to vacate, set aside, or correct his sentence of one hundred twenty-two months imprisonment. (Doc. 1.) The United States opposes Jemison's § 2255 motion. (Doc. 3.) For the reasons set forth below, Petitioner's § 2255 motion (doc. 1) is due to be DENIED as to all claims.

### II.    Facts and Procedural Background

On September 5, 2017, an indictment was entered charging Jemison with possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). (Cr. Doc. 1.)[1]

---

[1] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, No. 7:17-cr-00394-LSC-SGC-1.

The indictment noted that Jemison had a number of prior felony convictions. (*Id.*) Those convictions included (1) Unlawful Possession of a Controlled Substance and Unlawful Possession of Marijuana, First Degree, on August 18, 2005, in case number CC-2003-478, (2) Robbery, Third Degree, on December 10, 2007, in case number CC-2005-870, (3) Felon in Possession of a Firearm, on May 10, 2011, in case number 7:10-cr-398-IPJ-MHH, (4) Unlawful Possession of Marijuana, First Degree, on November 7, 2012, in case number CC-2012-1425, and (5) Unlawful Possession of Marijuana, First Degree, on February 22, 2017, in case number CC-2016-928. (*Id.*)

Jemison ultimately pled guilty to being a convicted felon in possession of a firearm, pursuant to a written plea agreement, entered by the clerk on November 1, 2017. (Cr. Doc. 8.) In exchange for Jemison's plea and agreement to cooperate with the government should they need it, the Government agreed to file a U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e) motion prior to sentencing if he provided "substantial assistance" as defined by U.S.S.G. § 5K1.1. (*Id.* at 6-7.) Alternatively, should he not be needed to provide "substantial assistance," the Government agreed to recommend a sentence on the lower end of the guidelines range after the appropriate reduction for acceptance of responsibility. (*Id.* at 7-8.) Jemison's plea agreement contained an appeal waiver with limited exceptions. (*Id.* at 8-9.)

Jemison's pre-sentence investigation report ("PSR") stated the statutory

minimum term of imprisonment was 15 years and the maximum was life. (Cr. Doc. 15 at 24.) Though § 992(g)(1) does not normally carry such a penalty, Jemison's prior convictions qualified him as an armed career criminal and made him subject to the enhanced provisions of 18 U.S.C. § 924(e).

Jemison provided "substantial assistance," and the Government filed a U.S.S.G. § 5K1.1 motion requesting a downward departure from the advisory guidelines. (Cr. Doc. 13.) Judgement was entered on February 27, 2018, and Jemison was sentenced to a total term of imprisonment of one hundred twenty-two months. (Cr. Doc. 17.) Jemison did not appeal.

Jemison asserts that he originally submitted his motion on October 18, 2018, but when he inquired as to the status, the clerk sent the forms to refile his petition. (Doc. 1 at 11-12.) On August 19, 2019, Jemison filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was entered by the Clerk on August 26, 2019. (Doc. 1.) In this motion, Jemison alleges two claims. Claim one is for ineffective assistance of counsel for failure to file an appeal when instructed by Jemison to do so. (*Id.* at 4.) Claim two alleges an error of law in finding Jemison to be an armed career criminal. (*Id.* at 6.)

On December 17, 2019, this Court ordered the Government to file a response to Jemison's § 2255 motion within thirty days of the order. (Doc. 2.) The

Government filed its motion on February 26, 2020, over a month after the deadline for filing. Jemison argues that the Government's failure to request an extension on filing a response entitles him to a default. (Doc. 7.)

Jemison currently remains in custody.

## III.    Discussion

Judgment was entered against Jemison on February 27, 2018. (Cr. Doc. 17.) Jemison did not appeal, and therefore, his conviction became final at "the conclusion of direct review or the expiration of the time for seeking such review." *Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002) (quoting *Baskin v. United States*, 998 F. Supp. 188, 189 (D. Conn. 1998). Jemison claims that he mailed an earlier § 2255 petition on October 18, 2018. (Doc. 1 at 11.) The Eleventh Circuit applies the "mailbox rule" to deem a prisoner's § 2255 motion to have been filed upon the "date that he delivered it to prison authorities for mailing." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam). Along with the mailbox rule, the Courts in this Circuit operate under a presumption that, "[a]bsent evidence to the contrary, … a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). The § 2255 petition Jemison submitted was signed on August 19, 2019 (doc. 1), which is the presumptive date that he delivered it to prison authorities for mailing, and thus the presumptive

4

filing date under the mailbox rule unless evidence indicates that the presumption should not operate in this instance.

Rule 3(d) of the Rules Governing Section 2255 Proceedings, which the Eleventh Circuit has held demands "strict compliance," provides that "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *Daniels v. United States*, 809 F.3d 588, 590 (11th Cir. 2015). In accordance with this rule, Jemison declared under penalty of perjury that the statements made in his § 2255 motion were true and correct, including his statement that he mailed his original motion in October 2018, within the one-year time limit set forth by the AEDPA. (Doc. 1 at 11-13.) However, Jemison has not complied with the full requirements of Rule 3(d) because he did not verify that he had pre-paid the postage.

The facts here are similar to those faced by the Eleventh Circuit in *Daniels v. United States*, 809 F.3d 588 (11th Cir. 2015). In that case, Daniels signed and dated his § 2255 motion on September 4, 2013, which was the presumptive filing date under the mailbox rule. *Id.* at 589-90. Daniels submitted an affidavit stating that he placed his motion in the prison mailbox on March 13, 2013, but he did not state that the postage had been pre-paid. *Id.* at 590. The court found "that omission [to be]

fatal to his § 2255 motion." In explaining this holding, the Court reasoned, "Rule 3(d) has only two requirements with respect to the content of the prisoner's declaration. To demand anything other than strict compliance with those requirements would render them nullities." *Id.* (citing *United States v. Winkles*, 795 F.3d 1134, 1146-47 (9th Cir. 2015)).

As with Daniels, Jemison has failed to satisfy one of the two requirements of Rule 3(d). Further, he has not provided any other evidence to rebut the presumption that the date he signed his § 2255 motion is the filing date. Jemison's § 2255 motion is untimely.

The substance of Jemison's § 2255 motion included claims of (1) ineffective assistance of counsel for failure to file a notice of appeal and (2) error in finding Jemison to be an armed career criminal subject to the associated sentencing enhancement. (Doc. 1 at 4, 6.) If Jemison had filed a timely § 2255 motion, he would be entitled to an evidentiary hearing to resolve the issue of whether he requested his attorney to file a notice of appeal. *See Otero v. United States*, 499 F.3d 1267 (11th Cir. 2007). Jemison, however, did not file his § 2255 motion in a timely fashion. Moreover, his plea agreement contained a broad appeal waiver that would prevent him from challenging his status as an armed career criminal. (Cr. Doc. 8 at 8-9.)

For the reasons stated above, this Court finds that Jemison's § 2255 motion

to vacate, set aside, or correct his sentence (doc. 1) is due to be DENIED and this case DISMISSED WITH PREJUDICE.

## VI.    Conclusion

For the foregoing reasons, Jemison's § 2255 motion to vacate, set aside, or correct a sentence (doc. 1) is due to be DISMISSED.

Additionally, to the extent this dismissal necessitates a ruling on the certificate of appealability issue, one will not be issued by this Court. Rule 11 of the Rules Governing § 2255 Proceedings requires the court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  *See* Rule 11, Rules Governing § 2255 Proceedings.  This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484 (2000)). This Court finds that Gibson's claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Gibson's motion, it is due to be denied.

A separate order consistent with this opinion will be entered.

**DONE** AND **ORDERED** ON JUNE 7, 2022.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

206728